DANIEL L. DAY, dan@d-daylaw.com, (Utah Bar No. 7502)
Attorney for Plaintiff
9571 South 700 East, Suite 104
Sandy, Utah 84070
801-676-1506

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of LUDVIK ELECTRIC CO., a Colorado corporation, | ) ) ) ) ) ) | Case No. 2:15-cv-00522-PMW |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT AND JURY DEMAND** |
| BALFOUR BEATTY/DPR/BIG-D, a Joint Venture, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, ZURICH AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, and SAFECO INSURANCE COMPANY OF AMERICA; | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Use Plaintiff, Ludvik Electric Co. ("Ludvik"), by and through its attorneys brings this

case pursuant to 40 U.S.C. § 3131 *et seq.* for the use of Ludvik and for its causes of action

against Defendants, Balfour Beatty/DPR/Big-D, a Joint Venture ("BDB"), Travelers Casualty and Surety Company of America ("Travelers"), Fidelity and Deposit Company of Maryland ("F&D"), Zurich American Insurance Company ("Zurich"), Liberty Mutual Insurance Company ("Liberty"), Federal Insurance Company ("Federal"), Continental Casualty Company ("Continental"), and Safeco Insurance Company of America ("Safeco") (Travelers, F&D, Zurich, Liberty, Federal, Continental and Safeco collectively "Sureties" and BDB and Sureties collectively "Defendants") states and alleges as follows:

## STATEMENT OF PARTIES

1.      The United States of America is nominally named as Plaintiff pursuant to 40 U.S.C. § 3133(b).

2.      Use Plaintiff, Ludvik, is a Colorado corporation with its principal place of business in Colorado.

3.      Defendant BDB is a joint venture comprised of Balfour Beatty Construction LLC, a Delaware limited liability company, DPR Construction, Inc., a California corporation, and Big-D Construction Corp., a Utah corporation.  BDB's principal place of business is located at 404 West 400 South, Salt Lake City, Utah 84101.

4.      Upon information and belief, Defendant Travelers is a corporation organized and existing under the laws of the State of Connecticut having its principal place of business at One Tower Square, Hartford, CT 06183.

5.     Upon information and belief, Defendant F&D is a corporation organized and existing under the laws of the State of Maryland having its principal place of business at 1400 American Lane, Schaumburg, IL 60196.

6.     Upon information and belief, Defendant Zurich is a corporation organized and existing under the laws of the State of Maryland having its principal place of business at 1400 American Lane, Schaumburg, IL 60196.

7.     Upon information and belief, Defendant Liberty is a corporation organized and existing under the laws of the State of Massachusetts having its principal place of business at 175 Berkeley Street, Boston, MA 02116.

8.     Upon information and belief, Defendant Federal is a corporation organized and existing under the laws of the State of Indiana having its principal place of business at 15 Mountain View Road, Warren, NJ 07059.

9.     Upon information and belief, Defendant Continental is a corporation organized and existing under the laws of the State of Illinois having its principal place of business at 333 S. Wabash Avenue, Chicago, IL 60604.

10.     Upon information and belief, Defendant Safeco is a corporation organized and existing under the laws of the State of Washington having its principal place of business at 1001 4th Avenue, Suite 1700, Seattle, WA 98154.

## JURISDICTION AND VENUE

11.     This is a civil action in which the Court has jurisdiction pursuant to 40 U.S.C. §§ 3131 and 3133 (the "Miller Act") by virtue of the Miller Act payment bond issued by the

- 3 -

Sureties in relation to a contract of more than $100,000 for the construction of the Utah Data Center Project for the Federal Government located at Camp Williams in Utah (the "Project").

12.     This action arises out of construction work performed in the State of Utah, secured by a payment bond having been issued by Sureties in reference to such construction work.  Defendants were at all times material to the allegations of this Complaint doing business in the State of Utah, and Defendants otherwise failed to perform acts required to be performed by agreement in the State of Utah.  This Court has personal jurisdiction over the Defendants and each of them because each of the Defendants have established sufficient minimum contacts with the forum, and the exercise of jurisdiction over the Defendants and each of them would not offend traditional notions of fair play and substantial justice

13.     Venue is proper under 40 U.S.C. § 3133(b)(3)(B) because this is a civil action based upon the Miller Act, the United States property at issue is located in this district, and this was the district where the subject contracts at issue were to be performed and executed.

## GENERAL ALLEGATIONS

14.     On or about September 24, 2010, the United States Army Corps of Engineers awarded a prime contract for the design-build construction of the Project to BDB (the "Prime Contract"), which work was and is a public building or public work within the meaning of the Miller Act, 40 U.S.C. §§ 3131 *et seq*.

15.     The Prime Contract is for an amount in excess of $100,000.

16.     On or about September 27, 2010, pursuant to the terms of the Prime Contract and the Miller Act, Defendants duly executed and delivered to the United States of America a

payment bond for the protection of all parties having a direct relationship with the BDB or a subcontractor of BDB for all costs and expenses resulting from the supply of any labor, materials, or both in the prosecution of the work provided in the Prime Contract (the "BDB Payment Bond"). A true and correct copy of the BDB Payment Bond is attached hereto as Exhibit A and incorporated herein by this reference.

17.     The BDB Payment Bond has a penal sum amount of not less than $750,000,000.

18.     On or about October 8, 2010, BDB entered into a subcontract with Ludvik for the furnishing of labor and materials for electrical work at the Project for the original sum of $148,296,957.00 (the "Ludvik Subcontract").

19.     During the course of performance of the Ludvik Subcontract, Ludvik furnished labor and materials as a first tier subcontractor to BDB in carrying out the work provided for in the Prime Contract and is therefore a person protected by the Miller Act and is entitled to make a claim on the BDB Payment Bond.

20.     Ludvik timely furnished to BDB all required notifications under the Miller Act, if any.

21.     Ludvik provided the labor and materials required under the terms of the Ludvik Subcontract and fully performed all its obligations under the Ludvik Subcontract but BDB has failed and refused to make payment to Ludvik as required under the Ludvik Subcontract.

22.     Ludvik last performed labor and/or furnished materials under the Subcontract less than one year from the date of commencement of this action.

- 5 -

23.     Despite due and proper demand, BDB has failed and refused to pay to Ludvik all amounts due for work performed by Ludvik pursuant to the Ludvik Subcontract.

24.     The Ludvik Subcontract contains an arbitration clause between Ludvik and BDB.

25.     Ludvik and BDB are currently engaged in an arbitration administered by the American Arbitration Association, AAA No. 77-20-1300-0603 (the "Arbitration").  The Sureties are not currently named parties to the Arbitration.

26.     Ludvik initiated this action to preserve its rights under the Miller Act against the Defendants, and in particular the Sureties.  By filing this action, Ludvik does not intend to waive and hereby expressly reserves its rights to pursue its contractual and other claims against BDB in Arbitration.

### FIRST CLAIM FOR RELIEF
**(Miller Act Claim – First Tier)**

27.     Ludvik incorporates as if fully set forth herein the allegations of paragraphs 1-26 hereinabove.

28.     Pursuant to the Miller Act, the Sureties, as sureties, and BDB, as principal, executed the BDB Payment Bond required by the Miller Act under which the Defendants in their respective capacities as principal and sureties, bound themselves jointly and severally, in the event BDB failed to promptly make payment to all persons having a direct relationship with BDB or a subcontractor of BDB for furnishing labor, material, or both in the prosecution of the work provided for in the Prime Contract.

29.     Ludvik performed labor for and supplied material to BDB with the good faith belief that such labor and materials were intended for use on the Project.

30.     The sum of not less than $53,897,474 is due and owing and unpaid for the labor and materials furnished by Ludvik to BDB for the Project.

31.     BDB breached the terms of the Ludvik Subcontract by failing to pay Ludvik for the amounts due and owing Ludvik under the Ludvik Subcontract.

32.     BDB has not paid Ludvik the principal sum of $53,897,474, the amount owed to Ludvik by BDB.  By refusing and failing to pay amounts due and owing to Ludvik, BDB and the Sureties breached their payment obligations under the terms of the BDB Payment Bond.

33.     Ludvik performed all of its material obligations pursuant to the terms of the Ludvik Subcontract or performance was waived or excused by the actions and conduct of BDB.

34.     Defendants and each of them breached the terms of the BDB Payment Bond by failing to pay Ludvik the amounts owed under the Ludvik Subcontract.

35.     The Defendants are jointly and severally liable to Ludvik to the extent of the penal sums of their respective undertakings.

36.     All conditions precedent to Ludvik's recovery under the BDB Payment Bond have been performed, satisfied, waived and/or excused.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ludvik, prays for judgment jointly and severally against Defendants BDB, Travelers, F&D, Zurich, Liberty, Federal, Continental, and Safeco for damages in an amount which has not as yet been finally ascertained but which, exclusive of

interest and costs, exceeds $53,897,474, together with prejudgment interest, interest on the judgment at the highest amount allowed by law, the costs of this action and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF
### (Miller Act Claim – Second Tier)

37.     Ludvik incorporates as if fully set forth herein the allegations of paragraphs 1-36 hereinabove.

38.     On or about October 8, 2010, BDB entered into a subcontract with Truland Systems Corporation ("Truland") for electrical work at the Project for the approximate sum of $187,059,291.00 (the "Truland Subcontract").

39.     On or about July 12, 2012, Truland entered into a purchase order with Ludvik in the amount of $3,948,937.50 for Ludvik's supply of certain labor, materials, equipment, supplies, services and the like, related to Truland's performance of the Truland Subcontract (the "Ludvik PO").  The Ludvik PO covered in part, Truland's responsibility for one half of the Supervisory Control and Data Acquisition ("SCADA") system on the Project.  The SCADA system was installed by a subcontractor to Ludvik.

40.     The scope of work for the SCADA system was increased, and Truland's financial responsibility to Ludvik for the SCADA system work that Ludvik performed increased to $3,994,701 as a result of changes to the scope of the SCADA work.

41.     Pursuant to the terms of the Ludvik PO, between the dates of October 25, 2011 and August 28, 2014, Ludvik, through its subcontractor, completed the installation of the

SCADA work, totaling $3,994,701 worth of work that was the responsibility of Truland under the Truland Subcontract (the "Truland SCADA Work").

42.     The date on which Ludvik last supplied any of the Truland SCADA Work was August 28, 2014, a period of more than 90 days has elapsed since that time and Ludvik has not been paid in full for the Truland SCADA Work.

43.     Pursuant to the terms of the Ludvik PO, Ludvik submitted timely invoices to Truland for the Truland SCADA Work and Truland has paid $2,657,528.70, leaving an unpaid balance due and owing to Ludvik of $1,337,172.30.

44.     By letters dated August 15, 2014 and September 3, 2014, which were within 90 days from the date on which Ludvik last supplied any of the Truland SCADA Work, Ludvik provided timely and proper written notice to Defendants of Ludvik's claim of $1,337,172.30 for the unpaid balance relating to the Truland SCADA Work and requested that the Defendants make payment to Ludvik in that amount under the terms of the BDB Payment Bond (the "Ludvik PO Bond Claim").

45.     Defendants and each of them have failed and refused to pay the Ludvik PO Bond Claim.

46.     Ludvik performed all of its material obligations pursuant to the terms of the Ludvik PO or such obligations were waived or excused by the actions or conduct of Truland.

47.     Truland breached the terms of the Ludvik PO by failing to pay Ludvik for the amounts due and owing Ludvik under the Ludvik PO.

48.     Ludvik is a proper bond claimant pursuant to the terms of the BDB Payment Bond, Ludvik provided Defendants with appropriate and timely notice of the Ludvik PO Bond Claim, and Ludvik performed all of its material obligations pursuant to the terms of the BDB Payment Bond or those obligations have been waived or excused.

49.     Defendants and each of them breached the terms of the BDB Payment Bond by failing to pay the Ludvik PO Bond Claim, and Defendants are jointly and severally liable for such breach.

50.     As a result of the failure of the Defendants and each of them to pay Ludvik the amount due and owing for the Truland SCADA Work, Ludvik is entitled to payment in an amount to be determined at trial, but in any event not less than $1,337,172.30 together with prejudgment interest and attorney fees as allowed by law.

51.     All conditions precedent to Ludvik's recovery under the BDB Payment Bond for the Ludvik PO Bond Claim have been performed, satisfied, waived and/or excused.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Ludvik, prays for judgment jointly and severally against Defendants BDB, Travelers, F&D, Zurich, Liberty, Federal, Continental, and Safeco for damages in an amount which has not as yet been finally ascertained but which, exclusive of interest and costs, exceeds $1,337,172.30, together with prejudgment interest, interest on the judgment at the highest amount allowed by law, the costs of this action and reasonable attorney fees.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, Ludvik hereby demands a

trial by jury in this matter to be held in Salt Lake City, Utah.

Dated this 23rd day of July, 2015.

LUDVIK ELECTRIC CO., Plaintiff


By:   */s/ Daniel L. Day*
        Daniel L. Day

ATTORNEY FOR PLAINTIFF